UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.A.R.R., | No. 1:26-cv-00142-DJC-JDP |
| Petitioner, | |
| v. | ORDER |
| WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al., | |
| Respondents. | |

Petitioner S.A.R.R., proceeding pro se, filed a writ of habeas corpus on January 9, 2026.[1] The Court construed the filing as a Motion for Temporary

---

[1] Petitioner requests the Court use his initials rather than his full name. (Motion at 2 n.1.) "The normal presumption is that parties must use their real names." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010); see also Fed. R. Civ. P. 10(a) ("[t]he title of the complaint must name all the parties"); Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."). However, it is common for courts to permit parties to proceed under a pseudonym "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature[.]" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (cleaned up and citations omitted) (holding "that a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity"). Here, the Committee on Court Administration and Case Management of the Judicial Conference of the United States recommends the use of initials for minors and other sensitive categories of information. Petitioner has alleged he is 21, which is a minor for purposes of the Special Immigrant Juvenile Status. 8 C.F.R. § 204.11(b)(1). Thus, the Court GRANTS Petitioner's request. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case

1

Restraining Order, and Respondents Warden of the Golden State Annex Detention Facility, et al., timely filed their Response. For the reasons stated below, the Court converts the Motion for Temporary Restraining Order to a Motion for a Preliminary Injunction and GRANTS the motion.

## BACKGROUND

Petitioner is a 21-year-old individual who alleges that he was born in El Salvador. (Motion (ECF No. 1) at 5.) Petitioner asserts that he and his fiancé have a son who is a citizen of the United States. (*Id.*) He contends that he has "a readjustment of status pending" and that he was "granted readjustment of status in juvenile visa." (*Id.*) He was detained by Immigration and Customs authorities ("ICE") in 2024 and thereafter released. After he was released, petitioner lived with his fiancé and his son. On August 2, 2025, Petitioner was re-detained at a traffic light and placed into ICE custody. (*Id.* at 6.) He remains detained at the Golden State Annex in McFarland, California. (*Id.* at 1.) On January 9, 2026, Petitioner filed a Petition for Writ of Habeas Corpus. (*See generally* Motion.) The Court construed the filing as a Motion for Temporary Restraining Order and directed Respondents to file a timely Response. (ECF No. 3.) Respondents filed their Response on January 15, 2026. (ECF No. 5.)

The Executive Office for Immigration Review Automated Case Information Portal reflects that Petitioner was granted CAT withholding on September 6, 2023. The portal also reflects that a case appeal was dismissed on February 2, 2024, and that a motion to reopen Board of Immigration Appeals jurisdiction was received on August 18, 2025.[2]

---

Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] The Court takes judicial notice of the Executive Office for Immigration Review's automated case information page for Petitioner's case (https://acis.eoir.justice.gov/en/caseInformation) (last accessed January 16, 2026).

**LEGAL STANDARD**

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially similar." *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain preliminary injunctive relief, Plaintiff must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are serious questions going to the merits – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

**DISCUSSION**

Respondents have indicated that their Response contains the entirety of their opposition to both a Motion for Temporary Restraining Order and Motion for a Preliminary Injunction. (ECF No. 5 at 1 n.1.) The Court thus converts the Motion for Temporary Restraining Order to a Motion for a Preliminary Injunction.

Petitioner has established that he has a likelihood of success on the merits. Petitioner was released by the Government in 2024. (Motion at 5.) Petitioner allegedly remained out of custody since that time until he was re-detained without notice on August 2, 2025. (*Id.*) Petitioner has a clear liberty interest in his continued release. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *see also Singh v. Andrews*, No. 1:25-cv-01543-DJC-SCR, 2025 WL 3248059 (E.D. Cal. Nov. 19, 2025); *Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025). Petitioner also states that he has "readjustment of status pending" and that he is has a "juvenile visa." (Motion at 5). The Court understands this to mean that

Petitioner has received Special Immigrant Juvenile Status approval but is waiting to apply for an adjustment of status to receive an EB-4 Visa. *See A.C.R. v. Noem*, --- F. Supp. 3d ----, 2025 WL 3228840, at *2 (E.D.N.Y. Nov. 19, 2025) (discussing Special Immigrant Juvenile Status, EB-4 Visas, and adjustment of status). Special Immigrant Juvenile Status provides a pathway to lawful permanent residency, further emphasizing his liberty interest.[3]

Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal. *See Singh*, 2025 WL 3248059; *Mariagua*, 2025 WL 3551700; *Ortega*, 2025 WL 3511914. The Government has not provided any argument or evidence that changed circumstances necessitated Petitioner's re-detention. Instead, the Government simply states, without citation, that "that the detention authority in this case is lawful under the Constitution and applicable provisions of the Immigration and Nationality Act." (ECF No. 5 at 1.) This presumably refers to the Government's application of section 1225 to justify re-detention of previously released individuals without notice or an opportunity to be heard. The Court has repeatedly rejected these arguments. *See, e.g.*, *Singh*, 2025 WL 3248059; *Mariagua*, 2025 WL 3551700; *Ortega*, 2025 WL 3511914.

Petitioner also faces a likelihood of irreparable harm if not granted relief, in addition to the recognized harms of immigration detention. *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012); *see also Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017).

---

[3] Though the Court does not have information before it to this end, it is also possible that Petitioner may have received deferred action in connection with his Special Immigrant Juvenile Status. *See A.C.R. v. Noem*, --- F. Supp. 3d ----, 2025 WL 3228840, at *17–18 (E.D.N.Y. Nov. 19, 2025). This would further support the existence of likelihood of success in Petitioner's continued detention.

4

The balance of the equities and public interest are merged as the Government is the non-moving party, and these factors clearly weigh in Petitioner's favor. See *Melendres*, 695 F.3d at 1002; *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023) ("The government also cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." (internal citations and quotation marks omitted)); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1037 (N.D. Cal. 2025) ("[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering.").

The Court last considers whether a bond is necessary. "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The Court has "discretion as to the amount of security required, if any," and it "may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003). Because the "the [Government] cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations," *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983), the Court finds that no security is required here.

## CONCLUSION

Accordingly, as all of the *Winter* factors weigh in Petitioner's favor, IT IS HEREBY ORDERED that:

1. Petitioner S.A.R.R.'s Motion for Temporary Restraining Order (ECF No. 1) is converted to a Motion for a Preliminary Injunction and hereby GRANTED.
2. Respondents are ordered to immediately release Petitioner S.A.R.R. from their custody. Respondents shall not impose any additional restrictions on

him, unless that is determined to be necessary at a future pre-deprivation/custody hearing.

3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating his arrest and detention, and a timely hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.

4. This Order shall remain in effect until the resolution of this action or until otherwise ordered by the Court.

5. This matter is referred to the assigned Magistrate Judge for all further proceedings.

IT IS SO ORDERED.

Dated:  **January 20, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC8–S.A.R.R.26cv142.TRO